UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANNE ADAIR,

    Plaintiff,

v.                                              Case No.:  8:22-cv-1716-KKM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed an Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum in Support on June 27, 2023.  (Doc. 20).  Plaintiff states that the Commissioner does not object to the relief requested.  (*Id.* at 3).  The matter was referred to the Undersigned for a Report and Recommendation.  Because the relief requested is not contested or opposed, (*id.*), the Undersigned deems this matter to be ripe.  For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT IN PART AND DENY IN PART** the Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum in Support (Doc. 20).

## PROCEDURAL BACKGROUND

On April 5, 2023, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Commissioner to: reconsider findings at the relevant steps of the sequential evaluation process, including but not limited to a reevaluation of the opinion evidence and Plaintiff's residual functional capacity, and issue a new decision. (Doc. 18 at 2; Doc. 16 at 1). Thereafter, on June 27, 2023, Plaintiff filed the request *sub judice* seeking an award of $1,626.00 in attorney's fees and an award of $400.00 in costs, all under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 20 at 1-2).

The Undersigned evaluates Plaintiff's request for fees and costs under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Moreover, the Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rates, and the resulting fees are all

reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010). Additionally, the Court must determine whether costs may be awarded to Plaintiff under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920.

      A.    **Plaintiff's Request Is Timely.**

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on April 6, 2023, (Doc. 19), and Plaintiff filed the Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum in Support less than ninety (90) days later on June 27, 2023, (Doc. 20). Therefore, the Undersigned finds that Plaintiff timely filed the Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum in Support (Doc. 20). *See Myers*, 916 F.2d at 672.

### B. Plaintiff Meets All Other Requirements Under the EAJA.

The Commissioner does not contest that Plaintiff meets the remaining requirements under the EAJA. (Doc. 20 at 3). Upon consideration of the record and the representations in the Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum in Support and supporting materials (Doc. 20 at 3-6), the Undersigned finds that all other requirements under the EAJA for a fee award are met. *See* 28 U.S.C. § 2412(d); *Jean*, 496 U.S. at 158.

### C. The Hours Expended, the Hourly Rates Requested, and the Resulting Fees Requested Are All Reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly

complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel states that counsel expended 11.6 hours in this case (5.6 attorney hours and 6 paralegal hours). (*See* Doc. 20 at 1). Further, Plaintiff's counsel requests the hourly rates of $210.00 for the attorney rate and $75.00 for the paralegal rate. (*Id.*). After a careful review, the Undersigned finds that the number of hours expended is reasonable and that the hourly rates requested are reasonable, customary, and appropriate under controlling law.

Plaintiff seeks a total fee award in the amount of $1,626.00, calculated as follows:

> Attorney:  5.6 hours x $210.00/hour = $1,176.00
> Paralegal:  6 hours x $75.00/hour = $450.00
>
> Total:  $1,176.00 + $450.00 = $1,626.00

(*See id.* at 1-2). The Undersigned adopts and approves these calculations, finds that the resulting fees are reasonable, and recommends that attorney's fees be awarded to Plaintiff in the amount of $1,626.00, as requested.

### D. Payment May Be Made to Plaintiff's Counsel.

Plaintiff also filed an executed Federal Court Fee Agreement. (Doc. 20-1 at 6). This agreement contains an assignment, which states in relevant part:

> However, sometimes a court will order the government to pay a portion of the attorney's fees pursuant to the Equal Access to Justice Act (EAJA). If this happens, I hereby assign any court awarded EAJA attorney fees to my attorney.

(*Id.*).

Upon review of Plaintiff's motion, however, Plaintiff fails to demonstrate that her assignment of EAJA fees satisfies 31 U.S.C. § 3727.  *See Guzman Rivera v. Comm'r of Soc. Sec.*, No. 6:19-cv-1766-Orl-18GJK, 2020 WL 4289427, at *1 (M.D. Fla. July 7, 2020), *report and recommendation adopted*, 2020 WL 4287595 (M.D. Fla. July 27, 2020); *see also Alvarado v. Comm'r of Soc. Sec.*, No. 6:20-cv-1642-GKS-LRH, 2022 WL 317026, at *3 (M.D. Fla. Jan. 5, 2022), *report and  recommendation adopted*, 2022 WL 310199 (M.D. Fla. Feb. 2, 2022) (citing *Crumbley v. Colvin*, No. 5:13-cv-291 (MTT), 2014 WL 6388569, at *5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013)).  Thus, while Plaintiff asserts that "the government will accept Plaintiff's assignment of EAJA fees" assuming Plaintiff does not owe a debt to the Government, (Doc. 20 at 3), the Undersigned finds that it would be inappropriate to order the Government to abide by Plaintiff's assignment.  Rather, the Undersigned recommends allowing the Government to exercise its discretion in determining whether the fees should be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.  *Guzman Rivera*, 2020 WL 4289427, at *2 n.2 ("The Commissioner may elect to waive the application of [31 U.S.C. § 3727] to the fee award." (citing *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934 (6th Cir. 2017))).

### E. Plaintiff Is Also Entitled to an Award of Costs.

Lastly, Plaintiff also requests $400.00 in costs for the filing fee. (*See* Doc. 20 at 1). Under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, the prevailing party may recover this cost. Therefore, the Undersigned also recommends awarding $400.00 in costs to Plaintiff.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1. That the Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum in Support (Doc. 20) be **GRANTED IN PART AND DENIED IN PART** as set forth below.

2. That the Court award Plaintiff $1,626.00 in attorney's fees.

3. That the Court also award Plaintiff $400.00 in costs.

4. That the motion be denied to the extent it seeks any greater or different relief.

5. That the Court direct the Clerk of Court to enter an appropriate judgment for fees and costs in Plaintiff's favor accordingly.

Respectfully recommended in Chambers in Tampa, Florida on June 29, 2023.

_____
Mac R. McCoy
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties